**STATE, ex rel. RICHMOND, Relator-Appellant, v. RENNER et, Respondents-Appellees.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3566.   Decided April 8, 1953.

William E. Lewis, Youngstown, for relator-appellant.

H. H. Hunt, Law Director, I. Freeman, Asst. Law Director, Youngstown, for respondents-appellees.

## OPINION

Per CURIAM.

The question presented by relator's appeal on questions of law from a judgment of the court of common pleas dismissing her petition in mandamus filed to compel respondents to place her name on the roll of the Youngstown Police Relief and Pension Fund and to pay her a pension of $30.00 a month from September 25, 1947, to October 5, 1950, as an unmarried minor child of an admitted member of such fund, is whether the trial judge erred to her prejudice in finding and accordingly entering judgment that she was ineligible to receive such pension because:—

"* * * construing all the statutes involved, it is clear that the rights of one claiming a pension are to be determined by the pension rules and laws in effect at the time of the officer's death; that the amendments of the statute are not intended to and do not create pensions, except as to beneficiaries of deceased members dying after the effective date of the amendments; that this ruling as to the sections of the statute applicable to policemen is the same as that in the Dailey case involving firemen, known as Common Pleas Case No. 132515, Court of Appeals No. 3425, Supreme Court No. 32794."

Relator, born October 5, 1932, is a surviving unmarried minor

child of an admitted member of the fund, who died February 13, 1941, leaving relator and a widow (who has not remarried) to whom a pension has been duly and regularly paid in accordance with law and the rules and regulations of such fund.

Sections 8 and 10 of Article III of the rules and regulations of the Board of Trustees of the Youngstown Police Relief and Pension Fund as effective at the times in question provide respectively as follows:—

"Section 8. If any regular member of the Police Department shall, while in the discharge of his duties, be killed or shall die from the effects of an injury, or shall die from any disease contracted while a member of the Department, or if any retired member, who served twenty years before retiring, or if a retired member who has retired from disability sustained through accident, while in the discharge of his duties, and if such member shall leave a widow, such widow, while she remains unmarried, shall receive a pension of Fifty Dollars ($50.00) a month to be paid monthly, but in no case shall the pension of a widow exceed Fifty Dollars ($50.00) per month."

"Section 10. If any regular member of the Police Department is killed or a member of the Department, or a retired member dies from any cause and does not leave a widow, but leaves a minor child or children under the age of eighteen years, then such minor child or children shall each, until arrived at the age of 18 years, be entitled to receive a pension of Fifteen Dollars ($15.00) per month, said amount to be paid to the Guardian of such minor child or children."

As amended, effective September 25, 1947, §4628, sub-paragraph 6, GC, provides:—

"Each surviving child of a deceased member shall receive a pension of Thirty Dollars per month until such child attains the age of eighteen years, or marries, whichever event occurs first, provided, however, if a deceased member leaves a widow and more than three children eligible for pension payments such children shall receive a pension of Ninety Dollars per month to be divided equally among them, and provided further, if a deceased member leaves no widow and more than five children eligible for pension payments such children shall receive a pension of One Hundred Fifty Dollars per month to be divided equally among them."

Sec. 4628-4 GC, effective October 26, 1949, provides:—

"In the event a widow, surviving child or dependent parent of a policeman has been granted a pension pursuant to the rules and regulations of a police relief and pension fund which were in force and effect prior to September 25, 1947, and the amount of pension paid to any such persons is less than the

amount provided for in subparagraphs five, six or seven of §4628 GC, the trustees of the police relief and pension fund from which such a pension is paid may increase the amount of the pension payable to each of said beneficiaries not to exceed the amount provided for in the applicable paragraphs of said **subparagraphs five, six** and **seven** of §4628 GC."

Defendant contends that §4628 GC, **sub-paragraph 6,** nullified the provisions of Section 10, Article III, of the Rules and Regulations of the Youngstown Police Relief and Pension fund.

Respondent contends that "the controversy here involves the construction of provisions in the Police Pension Act— namely, the right of a surviving child, who has not been granted a pension under the local rules, to receive a pension under §4628 (6) GC," and argues:—

"It is quite obvious that this provision is intended for future eligibles, as manifested by the forerunning provision in §4628 GC, that 'the widows, children and dependent parents who, prior to the effective date of this act, were granted pensions by the trustees of a police relief and pension fund shall be entitled to receive such pensions in accordance with the rules and regulations governing the granting of such pensions in force and effect on April 1, 1947.' That such is the intention of the statute is further reflected by the provisions of §4628-4 GC, adopted on October 26, 1949."

We believe, as contended by respondents, that the benefits: "* * * to a surviving child provided by **Paragraph 6** of §4628 GC, apply only to members of the Fund who die after the effective date of the statute, September 25, 1947, and to children who survive by reason of death of the parent after such date. A child not entitled to any benefits under the local rules then in effect by reason of a surviving widow, cannot claim any under the amendment applicable to holders of pensions. The language in the forepart of §4628 GC, is very plain and obvious. It says: 'The widows, children who, prior to the effective date of this Act, were granted pensions * * * shall be entitled to receive such pensions in accordance with the rules governing the granting of such pensions in force and effect on April 1, 1947.' The local rules then in effect gave children no pension when there was a surviving widow."

Further we believe, as respondent maintains:—

"The act of 1947 and the 1949 Amendment have frozen the rule-making power of the board with respect to the fixing of pensions and benefits, now payable as provided by statute. The Supreme Court, in the Eden and Cunat cases, **127 Ohio St 276; 149 Oh St 477, 150 Oh St 377,** settled the law that pen-

sions granted under the local rules are 'vested rights' under §4628-1 GC, and the rights thereto are governed by the rules adopted and in force at the time of the death or retirement of the deceased member. §4628-1 GC provides:—

" 'The granting of relief or pension to any person or persons pursuant to the rules adopted by the trustees shall operate to vest a right in such person or persons to obtain and receive the amount fixed by the board of trustees.'

"Relator, not having received a pension under the local rules, has a vested right in nothing."

We conclude that no mandatory, nor ministerial duty capable of being enforced against respondents by mandamus is presented by relator's appeal under the provisions of §4628-4 GC, which section merely confers discretionary power upon respondents under the circumstances therein stated.

The judgment of the court of common pleas is affirmed.

GRIFFITH, PJ, PHILLIPS & NICHOLS, JJ, concur.